RALPH Y. BROWN, PLAINTIFF, v. JOSEPH M. HEALEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided September 28, 1962.

*Mr. John Kandravy* for plaintiff (*Messrs. Shanley & Fisher,* attorneys for plaintiff).

*Mr. Robert J. McCurrie* for defendant (*Messrs. McCurrie & Thuring,* attorneys).

ARTASERSE, J. S. C. This is a suit in lieu of prerogative writs instituted by the plaintiff, a resident and taxpayer of New Jersey, against the defendant who is the mayor of Kearny and also the purchasing agent of the County of Hudson. Both sides have made motions for summary judgment.

The plaintiff contends that the duties of the office of mayor of Kearny and those of the office of purchasing agent of the county are incompatible and inconsistent and cannot be executed by the same person, and that the office of purchasing agent is subordinate to the office of mayor. Judgment is demanded that the office of purchasing agent be declared vacant unless the defendant shall file with the court a written statement that he elects to retain the office of purchasing agent, in which event the judgment shall declare vacant the office of mayor.

The parties have stipulated the facts:

1. Plaintiff, Ralph Y. Brown, is a resident and taxpayer of Kearny, New Jersey.

2. Defendant, Joseph M. Healey, was re-elected mayor of Kearny in November 1961 and assumed that office on January 1, 1962, and he continues to occupy that office.

3. Defendant Healey was elected and appointed the purchasing agent of the County of Hudson by the board of chosen freeholders on May 11, 1961, and he continues to occupy that office.

4. Both plaintiff and defendant agree that in determining the nature, rights, duties and obligations connected with or flowing out of the office of mayor, this court may consider, but without limitation thereto, the following statutes: *N. J. S.* 40A:5–16, 40A:5–17; *N. J. S. A.* 40:50–1.

5. Both plaintiff and defendant agree that in determining the nature, rights, duties and obligations connected with or flowing out of the office of purchasing agent, this court may consider, but without limitation thereto, the following statutes: *N. J. S.* 40A:5–16; *R. S.* 40:21–21, 40:25–2.

6. The County of Hudson and the Town of Kearny are authorized and empowered to contract with each other in many areas, including:

R. S. 27:16–70, 40:9A–1, 40:12–9, 40:13–1, 40:23–14, 40:23–19, 40:30–21, 40:32–5, 40:48–18, 40:56–17, 40:56–50, 40:67–25.

7. The court may consider the interrogatories served upon the plaintiff by the defendant and the plaintiff's answers thereto.

Plaintiff by his answers to interrogatories states that no "conflict of interest" is alleged in this action.

The court has considered the pleadings and briefs submitted by both parties and the argument made by their respective attorneys.

In *Reilly v. Ozzard*, 33 *N. J.* 529 (1960), Chief Justice Weintraub delineated the doctrine of incompatibility at *page* 543 and said:

"* * * Incompatibility is usually understood to mean a conflict or inconsistency in the functions of an office. It is found where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another."

The holding of more than one office is not forbidden, nor does the possibility of a conflict of interests come under this common law ban. The Chief Justice goes on to say, at *page* 549:

"This much is clear. The doctrine does not denounce *all* dual office-holding. 'Dual officeholding, as such, is not forbidden by the common law. Incompatibility is an essential ingredient of the doctrine.' *Kobylarz v. Mercer, supra* (130 *N. J. L.*, at *p.* 46).

There is a difference between the subject of incompatible offices and the subject of conflict in *interests*. In the former, a clash of *duties* inheres in the very relationship of one office to the other and is contemplated by the scheme of governmental activities, albeit the occasions may be rare. The consequence will be the nonperformance (or the questionable performance) of one or the other of the prescribed duties. On the other hand, a conflict in interests by virtue of a dual officeholding by a legislator will not inevitably arise as an incident of the relationship of the two offices."

In the recent case of *McDonough v. Roach*, 35 *N. J.* 157 (1961), the Chief Justice made it clear that the mere possibility of a conflict in the required duties of offices is sufficient to make them incompatible. At *page* 157 he said:

"It is of no moment that the statutes listed above do not mandatorily require the political divisions of government to act. A power to act imports a duty to act when the public interests suggest to the unfettered official judgment that something should be done. * * *"

The problem of dual officeholding has received current and traditional consideration by our courts. In *State ex rel. Clawson v. Thompson*, 20 *N. J. L.* 689 (*Sup. Ct.* 1846), Justice Nevius said, at *pages* 689, 690:

"* * * Where there is no express provision, the true test is, whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them. Offices, says Bacon, are incompatible or inconsistent, when they cannot be executed by the same person; or when they cannot be executed with care, and ability; or where one is subordinate to, or interferes with another. *Bac. Abr. Tit. 'Office' K.*"

Incompatibility is the key that determines whether two offices are open to the same individual or not. A person can hold and perform the duties and services of two offices providing they are not incompatible. *Budeau v. United States*, 130 *U. S.* 439, 9 *S. Ct.* 579 (1888). In *Kobylarz v. Mercer*, 130 *N. J. L.* 44 (*E. & A.* 1943), Justice Heher said, at *pages* 46, 47:

"* * * Dual office holding, as such, is not forbidden by the common law. Incompatibility is an essential ingredient of the doctrine. The principle is grounded in public policy. It has reference to inconsistency of nature, duty, or function which, from considerations of sound policy, cannot be lodged in one and the same functionary at one and the same time, rather than mere physical inability to render a personal discharge of the obligations of both offices. [Citing cases] One may not, because of the hazard of injury to the public service, contemporaneously function in two official capacities involving conflicting duties, albeit the conflict arises on but rare occasions. Controlled by this principle, the question of incompatibility of necessity depends upon the circumstances of the individual case."

In 3 *McQuillin, Municipal Corporations* (3d ed. 1949), sec. 12.67, the conflicts of duties that prohibit dual officeholding are succinctly set out:

"Incompatibility is not simply a physical impossibility to discharge the duties of both offices at the same time, it is an inconsistency in the functions of the two offices, as where one is subordinate to the other, or where a contrariety and antagonism would result in the attempt by one person to discharge faithfully and impartially the duties of both. Two offices are said to be incompatible when the holder cannot in every instance discharge the duties of each. Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the offices are such as to render it improper from considerations of public policy for one person to retain both. The true test is whether the two offices are incompatible in their natures, in the rights, duties or obligations connected with or flowing from them."

■ *McDonough v. Roach, supra,* reaffirmed the earlier cases dealing with dual officeholding and reiterated the test to be followed. Chief Justice Weintraub said at *page* 155:

"* * * We pointed out that the common-law doctrine is not limited to cases in which one office is subordinate to the other, but rather embraces as well all situations in which under the established scheme of government 'the duties of office clash in their demands with the result that the incumbent must choose between them * * *. An officer cannot serve two masters with conflicting statutory roles.' "

■ In applying this test to the case *sub judice,* the plaintiff has shown no instances where there could be a conflict of duties between the offices of mayor and purchasing agent for the county, nor does an examination of the statutes set forth in the stipulation of facts reveal any such conflict. The duties of the two offices are different. The mayor is the administrative head of the Town of Kearny, while the purchasing agent of Hudson County is purely a ministerial officer charged with the duty of purchasing supplies for the county and executing contracts for the same in the name of the county, *R. S.* 40:21-21. There is no conflict of duty between the two offices.

The mayor by statute also has the duty of approving disbursements by any municipal office, *N. J. S.* 40A:5-16. This does not make the duties conflicting. Even though the

Town of Kearny and the County of Hudson were to contract with each other in any area permitted by law, the purchasing agent of the county would not be involved.

The ability of towns to contract with counties for the joint maintenance of roads and other services does not give rise to a conflict. Any such contract would be adopted and negotiated by the board of freeholders and the governing body of the respective town or towns. "The point is that the duty to act as a scrivener is not incompatible with a legislator's duty to pass upon the merits of a bill." *Reilly v. Ozzard*, 33 *N. J.* 529, 547 (1960). In other words, the duty to act as a purchasing agent is not incompatible with a mayor's duty to pass upon the merits of the contract. The only other possible role of the purchasing agent may be the performance of other services commanded by the board of freeholders (*R. S.* 40:21–21), and in which case the purchasing agent can exercise no discretion. It would be a purely ministerial act that in no way conflicts with the duty of defendant as mayor of Kearny.

There is no overlapping between the two positions. Each office is distinct in its own sphere. There are separate functions to be performed for the municipality and separate functions for the county. In the sphere of joint municipal and county contracts the contract is between the governing body of the respective governments and not between the governing body of the municipality and a ministerial officer of the county. If under one of these joint contracts joint purchase of materials were provided for, the plaintiff still has shown no conflict of duties. There is no divided loyalty here; "No man, much less a public fiduciary, can sit on both sides of a bargaining table. He cannot in one capacity pass with undivided loyalty upon proposals he advances in his other role." *McDonough v. Roach*, 35 *N. J.* 153, 156 (1961). There is no such situation presented in the case *sub judice*.

The office of county purchasing agent is not subordinate to that of mayor. The mayor has no duty nor even power

to review the work of the purchasing agent. Even if disbursements by the county under a joint contract of service to the people had to be paid by the municipality, the mayor would be confronted with a bill paid by the county, not the purchasing agent, so there would be no review of one's own work which is rightfully condemned.

The roles of the two offices are distinct, there is no incompatibility in the rights, duties or obligations connected with both offices nor is one subordinate to the other. There is no showing that one person cannot execute both offices with care, ability, or fidelity to each. *McDonough v. Roach, supra.*

Judgment for the defendant.